UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

JAMES GRANT and ANN GRANT,

                                          Plaintiffs,

                          -against-

THE CITY OF NEW YORK, P.O. JOHN FERRARA, and
P.O.s JOHN and JANE DOE #1-10, individually and in
their official capacities, (the names John and Jane Doe
being fictitious, as the true names are presently unknown),

                                          Defendants.

------------------------------------------------------------------------X

**COMPLAINT**

09 Civ. 8838 (LTS)

**JURY TRIAL DEMANDED**

      Plaintiffs JAMES GRANT and ANN GRANT, by their attorney, ROSE M. WEBER, complaining of the defendants, respectfully allege as follows:

**PRELIMINARY STATEMENT**

      1.      Plaintiffs bring this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States. Plaintiffs also assert supplemental state law tort claims.

**JURISDICTION**

      2.      This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

      3.      Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

**VENUE**

      4.      Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff JAMES GRANT is an African-American male, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

7. Plaintiff ANN GRANT is an African-American female, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

8. Plaintiffs JAMES GRANT and ANN GRANT are a married couple.

9. Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

10. Defendant THE CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

11. That at all times hereinafter mentioned, the individually named defendants P.O. JOHN FERRARA and P.O.s JOHN and JANE DOE #1-10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

12. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

13. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

14. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

### **FACTS**

15. On July 25, 2008, at approximately 11:30 a.m., plaintiff JAMES GRANT was lawfully present in front of 1512 Leland Avenue, in the County of Bronx, in the City and State of New York.

16. At aforesaid time and place, plaintiff JAMES GRANT was suddenly accosted by defendant P.O. JOHN FERRARA and three currently unidentified members of the New York City Police Department.

17. Defendants handcuffed plaintiff JAMES GRANT too tightly and placed him under arrest.

18. As a result of being handcuffed too tightly, plaintiff JAMES GRANT sustained injuries to his wrists and hands.

19. At approximately the same time, as plaintiff ANN GRANT exited 1512 Leland Avenue, she too was suddenly accosted by defendants.

20. Defendants handcuffed plaintiff ANN GRANT too tightly and placed her under arrest.

21. As a result of being handcuffed too tightly, plaintiff ANN GRANT sustained injuries to her wrists and hands.

22. Plaintiffs were then transported to the 43rd Precinct of the New York City Police Department, in Bronx, New York, where they were detained and held in police custody.

23. When the police van arrived at the precinct, plaintiffs asked defendants to assist Mrs. Grant in stepping down from the van, as she walks with a cane.

24. Defendants refused to provide any assistance.

25. As a result, plaintiff ANN GRANT sustained a sprained ankle.

26. While at the 43rd Precinct, plaintiffs were subjected to unlawful strip searches.

27. From the precinct, plaintiffs were transported to Bronx Central Booking, then to a different precinct, then to Bronx-Lebanon Hospital, then to separate precincts, and finally to Bronx Central Booking again.

28. Plaintiff ANN GRANT was held and detained in police custody for approximately forty-eight hours before accepting an Adjournment in Contemplation of Dismissal.

29. As a result of the foregoing, plaintiffs JAMES GRANT and ANN GRANT sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of their constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

30. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "29" with the same force and effect as if fully set forth herein.

31. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

32. All of the aforementioned acts deprived plaintiffs of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

33. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

34. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

35. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

36. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37. As a result of the aforesaid conduct by defendants, plaintiff ANN GRANT was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

38. As a result of the foregoing, plaintiff ANN GRANT's liberty was restricted for an extended period of time, she was put in fear for her safety, and she was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

39. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40. The level of force employed by defendants was objectively unreasonable and in

violation of plaintiffs' constitutional rights.

41. As a result of the aforementioned conduct of defendants, plaintiffs were subjected to excessive force and sustained physical injuries.

### FOURTH CLAIM FOR RELIEF
### UNLAWFUL SEARCH UNDER 42 U.S.C. § 1983

42. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43. Defendants strip-searched plaintiffs in the absence of any individualized reasonable suspicion that plaintiffs were concealing weapons or contraband.

44. As a result of the foregoing, plaintiffs were subjected to illegal and improper strip searches.

45. The foregoing unlawful strip searches violated plaintiffs' constitutional right to privacy, as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

### FIFTH CLAIM FOR RELIEF
### MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

46. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47. Defendants issued legal process to place plaintiff ANN GRANT under arrest.

48. Defendants arrested plaintiff ANN GRANT in order to obtain a collateral objective outside the legitimate ends of the legal process.

49. Defendants acted with intent to do harm to plaintiff ANN GRANT without excuse or justification.

50. All of the foregoing acts by defendants deprived plaintiffs of federally protected

rights, including, but not limited to, the right:

      A.      Not to be deprived of liberty without due process of law;

      B.      To be free from seizure and arrest not based upon probable cause;

      C.      Not to have excessive force imposed upon them;

      D.      To be free from malicious abuse of process;

      E.      Not to have cruel and unusual punishment imposed upon them; and

      F.      To receive equal protection under the law.

51.    As a result of the foregoing, plaintiffs are each entitled to compensatory damages in the sum of one million dollars ($1,000,000.00) and are further entitled to punitive damages against the individual defendants in the sum of one million dollars ($1,000,000.00).

## **PENDANT STATE CLAIMS**

52.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53.    Within ninety (90) days after the claim herein accrued, plaintiffs duly served upon, presented to and filed with the City of New York, Notices of Claim setting forth all facts and information required under the General Municipal Law § 50-e.

54.    The City of New York has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

55.    The City of New York failed to schedule hearings pursuant to General Municipal Law § 50-h and such hearings are accordingly deemed waived.

56.    This action was commenced within one (1) year and ninety (90) days after the causes of action herein accrued.

57.     Plaintiffs have complied with all conditions precedent to maintaining the instant action.

58.     This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

### FIRST CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### FALSE ARREST

59.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60.     Defendant police officers arrested plaintiff ANN GRANT in the absence of probable cause and without a warrant.

61.     As a result of the aforesaid conduct by defendants, plaintiff ANN GRANT was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings.

62.     The aforesaid actions by the defendants constituted a deprivation of plaintiff ANN GRANT's rights.

### SECOND CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### FALSE IMPRISONMENT

63.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64.     As a result of the foregoing, plaintiff ANN GRANT was falsely imprisoned, her liberty was restricted for an extended period of time, she was put in fear for her safety, and she was humiliated and subjected to handcuffing and other physical restraints.

65.     Plaintiff ANN GRANT was conscious of said confinement and did not consent to same.

66. The confinement of plaintiff ANN GRANT was without probable cause and was not otherwise privileged.

67. As a result of the aforementioned conduct, plaintiff ANN GRANT has suffered physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

### THIRD CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### ASSAULT

68. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "67" with the same force and effect as if fully set forth herein.

69. Defendants' aforementioned actions placed plaintiffs in apprehension of imminent harmful and offensive bodily contact.

70. As a result of defendants' conduct, plaintiffs have suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

### FOURTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### BATTERY

71. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "70" with the same force and effect as if fully set forth herein.

72. Defendant police officers touched plaintiffs in a harmful and offensive manner.

73. Defendant police officers did so without privilege or consent from plaintiffs.

74. As a result of defendants' conduct, plaintiffs have suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment and humiliation.

### FIFTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### UNLAWFUL SEARCH

75. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "74" with the same force and effect as if fully set forth herein.

76. Defendants strip-searched plaintiffs in the absence of any individualized reasonable suspicion that plaintiffs were concealing weapons or contraband

77. As a result of these unlawful strip searches, plaintiffs' right to privacy was violated and they sustained emotional injuries.

### SIXTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### MALICIOUS ABUSE OF PROCESS

78. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "77" with the same force and effect as if fully set forth herein.

79. Defendant police officers issued legal process to place plaintiff ANN GRANT under arrest.

80. Defendant police officers arrested plaintiff ANN GRANT to obtain a collateral objective outside the legitimate ends of the legal process.

81. Defendant police officers acted with intent to do harm to plaintiff ANN GRANT, without excuse or justification.

82. As a result of the aforementioned conduct, plaintiff ANN GRANT suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

### SEVENTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### NEGLIGENT HIRING AND RETENTION

83. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "82" with the same force and effect as if fully set forth herein.

84. Upon information and belief, defendant City of New York failed to use reasonable care in the hiring and retention of the aforesaid defendants who conducted and participated in the assaults on plaintiffs and the arrest of plaintiff ANN GRANT.

85. Defendant City of New York knew, or should have known in the exercise of reasonable care, the propensities of the defendants P.O. JOHN FERRARA and P.O.s JOHN and JANE DOE #1-10 to engage in the wrongful conduct heretofore alleged in this Complaint.

### EIGHTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### NEGLIGENT TRAINING AND SUPERVISION

86. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "85" with the same force and effect as if fully set forth herein.

87. Upon information and belief the defendant City of New York failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the assaults on plaintiffs and the arrest of plaintiff ANN GRANT.

88. As a result of the foregoing, plaintiffs are each entitled to compensatory damages in the sum of one million dollars ($1,000,000.00) and are further entitled to punitive damages against the individual defendants in the sum of one million dollars ($1,000,000.00).

**WHEREFORE**, plaintiffs JAMES GRANT and ANN GRANT each demand judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages and one million dollars ($1,000,000.00) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated:   New York, New York
         October 19, 2009

                                        _____/s_____
                                        ROSE M. WEBER (RW 0515)
                                        225 Broadway, Suite 1607
                                        New York, NY 10007
                                        (212) 748-3355